**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | |
|---|---|
| **BRIAN DEZZUTTI, individually and on behalf of all others similarly situated,**<br><br>v.<br><br>**NOBLE ENVIRONMENTAL SPECIALTY SERVICES, LLC.** | Docket No.  2-19-cv-1026<br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS/COLLECTIVE ACTION**<br><br>**PURSUANT TO 29 U.S.C. § 216(b)/ FED. R. CIV. P. 23** |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### I.  SUMMARY

1. Brian Dezzutti brings this lawsuit to recover unpaid overtime wages and other damages from Noble Environmental Specialty Services, LLC under the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.104.

2. Dezzutti worked for Noble as a Backyard Hand and Laborer.

3. Dezzutti and the other workers like him regularly worked for Noble in excess of forty (40) hours each week.

4. But these workers never received overtime for hours worked in excess of forty (40) hours in a single workweek.

5. Instead of paying overtime as required by the FLSA and PMWA, Noble improperly classified Dezzutti and those similarly situated workers as independent contractors and paid them a daily rate with no overtime compensation.

6. This class and collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## II. JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

10. Dezzutti worked for Noble in this District and Division and Noble conducts substantial business operations in this District and Division. Noble also has its corporate headquarters in this District and Division.

## III. THE PARTIES

11. Dezzutti worked for Noble as a Backyard Hand and Laborer from approximately January 2018 to the present.

12. Dezzutti worked for Noble in Pennsylvania and West Virginia.

13. Throughout his employment with Noble, Dezzutti was paid a day-rate with no overtime compensation and was classified as an independent contractor.

14. Dezzutti's consent to be a party plaintiff is attached as Exhibit A.

15. Dezzutti brings this action on behalf of himself and all other similarly situated workers who were classified as independent contractors and paid by Noble's day-rate system. Noble paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA and PMWA.

16. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All current and former workers that worked for or on behalf of Noble Environmental Specialty Services, LLC who were classified as independent contractors and paid a day-rate during the last three (3) years.** ("Putative Class Members")

17. Dezzutti also seeks class certification of such a class under FED. R. CIV. P. 23 under the PMWA.

18. Defendants Noble Environmental Specialty Services, LLC is corporations headquartered in Pennsylvania. Noble may be served by serving its registered agent for service of process, **Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, Pennsylvania 17110.**

### IV. COVERAGE UNDER THE FLSA

19. At all times hereinafter mentioned, Noble has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20. At all times hereinafter mentioned, Noble has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

21. At all times hereinafter mentioned, Noble has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce by any person and in that Noble has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

22. At all times hereinafter mentioned, Dezzutti and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

23. As will be shown through this litigation, Noble treated Dezzutti (and indeed all of its workers that it classified as independent contractors and paid a daily rate to without overtime compensation) as employees and uniformly dictated the pay practices of Dezzutti and its other workers including its so-called "independent contractors".

24. Noble's misclassification of Dezzutti and the Putative Class Members as independent contractors does not alter their status as employees for purposes of the FLSA or the PMWA.

### V. FACTS

25. Noble is an "independent oil and natural gas exploration company" operating throughout the United States, including Pennsylvania. To complete their business objectives, Noble employed independent contractors.

26. Many of the individuals who worked for Noble, were paid on a day-rate basis, misclassified as independent contractors, and make up the proposed Putative Class. While the exact job titles and job duties may differ, the Putative Class Members are and were subjected to the same or similar illegal pay practices for similar work. These so-called independent contractors were paid a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) without any overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

27. For example, Dezzutti worked for Noble as a Backyard Hand and Laborer from approximately January 2018 to the present. Throughout his employment with Noble, he was classified as an independent contractor and paid on a day-rate basis.

28. The manual labor Dezzutti performed was an essential and integral part of Noble's core business.

29. While he was classified as an independent contractor, Noble exercised control over all aspects of his job.

30. Noble did not require any substantial investment by Dezzutti or the Putative Class Members for them to perform the work that was required.

31. Noble determined Dezzutti and the Putative Class Members opportunity for profit and loss. Dezzutti and the Putative Class Members were not required to possess any unique or specialized skillset (other than that maintained by all other employees in their respective position) to perform their job duties.

32. Noble and its clients controlled all the significant or meaningful aspects of the job duties performed by Dezzutti and the Putative Class Members.

33. Noble and its clients determined the hours and locations Dezzutti and the Putative Class Members worked, tools used, and rates of pay received.

34. Even though Dezzutti and the Putative Class Members often worked away from Noble's offices without the presence of a direct supervisor employed by Noble, Noble still controlled all aspects of Dezzutti and the Putative Class Members job activities by enforcing mandatory compliance with Noble and its client's policies and procedures.

35. No real investment was required of Dezzutti and the Putative Class Members to perform their job.

36. More often than not, Dezzutti and the Putative Class Members utilized equipment provided by Noble and/or its clients to perform their job duties. Dezzutti and the Putative Class Members did not provide the equipment he worked with on a daily basis.

37. Noble and/or its clients made the large capital investments in buildings, machines, equipment, tools, and supplied in the business in which Dezzutti and the Putative Class Members worked.

38. Dezzutti and the Putative Class Members did not incur operating expenses like rent, payroll, marketing, and insurance.

39. Dezzutti and the Putative Class Members were economically dependent on Noble during their employment.

40. Noble set Dezzutti and the Putative Class Members rates of pay, their work schedules, and prohibited them from working other jobs for other companies while they were working on jobs for Noble.

41. Noble directly determined Dezzutti and the Putative Class Members opportunity for profit and loss. Dezzutti and the Putative Class Members earning opportunities were based on the number of days Noble scheduled them to work.

42. Moreover, the job functions of Dezzutti and the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree.

43. Dezzutti and the Putative Class Members did not have any supervisory or management duties.

44. Dezzutti and the Putative Class Members were not employed by Noble on a project-by-project basis. In fact, while Dezzutti and the Putative Class Members were classified as independent contractors, they were regularly on call for Noble and/or its clients and were expected to drop everything and work whenever needed.

45. Dezzutti and the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

46. Dezzutti and the Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

47. Noble's policy of failing to pay their independent contractors, including Dezzutti and the Putative Class Members, overtime violates the FLSA and PMWA because these workers are, for all purposes, employees performing non-exempt job duties.

48. Because Dezzutti (and Noble's other independent contractors) were misclassified as independent contractors by Noble, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

## VI.    FLSA VIOLATIONS

49. As set forth herein, Noble has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

50. Noble knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Dezzutti and the Putative Class Members overtime compensation. Noble's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

51. Accordingly, Dezzutti and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VII.   PMWA VIOLATIONS

52. Dezzutti brings this claim under the PMWA as a Rule 23 class action.

53. The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104).

54. At all relevant times, Noble was subject to the requirements of the PMWA.

55. At all relevant times, Noble employed Dezzutti and the Putative Class Members as an "employee" within the meaning of the PMWA.

56. The PMWA requires employers like Noble to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Dezzutti and the Putative Class Members are entitled to overtime pay under the PMWA.

57. Noble has and had a policy and practice of misclassifying Dezzutti and the Putative Class Members as independent contractors and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

58. Dezzutti and the Putative Class Members seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

59. Dezzutti and the Putative Class Members also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Noble, as provided by the PMWA.

## VIII. CLASS AND COLLECTIVE ACTION ALLEGATIONS

60. Dezzutti incorporates all previous paragraphs and alleges that the illegal pay practices Noble imposed on Dezzutti were likewise imposed on the Putative Class Members.

61. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and PMWA.

62. Numerous other individuals who worked with Dezzutti indicated they were improperly classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

63. Based on his experiences and tenure with Noble, Dezzutti is aware that Noble's illegal practices were imposed on the Putative Class Members.

64. The Putative Class Members were all improperly classified as independent contractors and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

65. Noble's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

66. Dezzutti's experiences are therefore typical of the experiences of the Putative Class Members.

67. The specific job titles or precise job locations of the Putative Class Members do not prevent class or collective treatment.

68. Dezzutti has no interest contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Dezzutti has an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

69. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

70. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Noble will reap the unjust benefits of violating the FLSA and applicable state labor laws.

71. Furthermore, even if some of the Putative Class Members could afford individual litigation against Noble, it would be unduly burdensome to the judicial system.

72. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

73. The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a.    Whether Noble employed the Putative Class Members within the meaning of the applicable state and federal statutes, including the FLSA and PMWA;

    b.    Whether the Putative Class Members were improperly misclassified as independent contractors;

    c.    Whether Noble's decision to classify the Putative Class Members as independent contractors was made in good faith;

    d.    Whether Noble's decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

    e.    Whether Noble's violation of the FLSA and PMWA was willful; and

    f.    Whether Noble's illegal pay practices were applied uniformly across the nation to all Putative Class Members.

74. Dezzutti's claims are typical of the claims of the Putative Class Members. Dezzutti and the Putative Class Members sustained damages arising out of Noble's illegal and uniform employment policy.

75. Dezzutti knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

76. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## IX.  JURY DEMAND

77. Plaintiff demands a trial by jury.

## X.  RELIEF SOUGHT

78. WHEREFORE, Dezzutti prays for judgment against Noble as follows:

a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order pursuant to Section 16(b) of the FLSA finding Noble liable for unpaid back wages due to Dezzutti and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c. For an Order designating the state law classes as class actions pursuant to Fed. R. Civ. P. 23;

d. For an Order appointing Dezzutti and his counsel as Class Counsel to represent the interests of the both the federal and state law classes;

e. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

**AND**

11

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**AND**

Joshua P. Geist
PA. I.D. No. 85745
**GOODRICH & GEIST, P.C.**
3634 California Ave.
Pittsburgh, PA 15212
Tel: (412) 766-1455
Fax: (412)766-0300
josh@goodrichandgeist.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**